IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZACHARY L. BOWDISH, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-07-400-D |
| v. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence [Doc. No. 63]. Plaintiff has timely responded to the Motion.

Although labeled as a motion to strike Plaintiff's evidence, the Motion is limited to a request to strike seven affidavits submitted by Plaintiff as exhibits to his brief in opposition to Defendant's Motion for Summary Judgment. The challenged affidavits were executed by Defendant's current or former employees, Jesse Soto (Plaintiff's Exhibit 25), Debra King (Exhibit 34), Guillermo "Bill" Lopez(Exhibit 36), Daniel Filkins (Exhibit 37), Keith Neals (Exhibit 39), Jonathan Clark Fryar (Exhibit 46), and Mark Fowler (Exhibit 49). Defendant argues that these affidavits, or portions thereof, should be stricken because they contain inadmissible evidence which cannot properly be considered when ruling on a motion for summary judgment.

As Defendant correctly points out, the Court may consider only admissible evidence when ruling on a summary judgment motion. *See, e.g., Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). Furthermore, the nonmovant's evidence, including testimony, "must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). In its Motion, Defendant argues that the challenged affidavits contain speculation and conjecture because the affiants express personal opinions or beliefs which cannot

properly be considered when ruling on a motion for summary judgment. Thus, Defendant contends that the affidavits must be stricken.

The affidavits in question contain statements in which the affiants express opinions about Plaintiff's conduct as a supervisor and/or the conduct of other employees or supervisors. The affidavits also contain the affiants' observations about certain occurrences in the workplace and/or the general practices or procedures which were followed in the workplace. Plaintiff discusses each affidavit, noting that each of the seven affiants expresses such opinions; however, Plaintiff also points out that each also describes his or her job responsibilities and specific experience as an employee of the Defendant. Each affiant also prefaces his or her opinion by stating that it is based on the affiant's personal experience as an employee of Defendant and/or an employee who was supervised by Plaintiff. Plaintiff contends that the statements reflecting a personal belief or opinion are based on that affiant's personal experience during his or her period of employment and/or the affiant's observations of events or occurrences which the affiant witnessed. Plaintiff argues that these additional statements in the affidavits provide a factual foundation for the belief or opinion and, as a result, render the statements admissible.

A lay witness may offer an opinion if that opinion is "rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." *Gossett v. Oklahoma ex rel. Board of Regents for Langston Univ.*, 245 F.3d 1172, 1179 (10th Cir. 2001), *citing* Fed. R. Evid. 701. More specifically, the Tenth Circuit held in *Gossett* that an employee can offer a lay opinion regarding his or her own observations of the employer's workplace practices or policies. According to the Circuit, "[c]ourts generally hold admissible, under Rule 701, evidence in the form of lay opinion testimony in discrimination cases when given by a

person whose position with the defendant entity provides the opportunity to personally observe and experience the defendant's policies and practices." *Id. (citations omitted).* Thus, the Circuit concluded that an affidavit stating a lay witness's opinion was admissible so long as it conveyed "her impression based on what she had herself perceived, and it was predicated on concrete facts within her own observations and recollection." *Gossett*, 245 F.3d at 1180.

The Court has reviewed the challenged portions of the affidavits at issue and finds that, although they contain personal opinions or beliefs expressed by the affiant, those expressions are accompanied by other statements in the affidavits in which the affiant explains his or her experience as an employee and/or his personal observations during the period of employment[1]. Accordingly, each affidavit, when read in its entirety, contains a factual basis for the opinion expressed. The Court finds that the challenged affidavits satisfy the Circuit's requirements and those of Fed. R. Evid. 701. As a result, the affidavits are appropriate for consideration upon review of the Motion for Summary Judgment. The Motion to Strike Plaintiff's Summary Judgment Evidence [Doc. No. 63] is DENIED.

IT IS SO ORDERED this  17th  day of September, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] *In his response brief, Plaintiff examines each challenged affidavit, and points out the specific paragraphs in which an opinion or belief is expressed, along with the paragraphs in which the affiant explains his or her role as an employee and his or her personal experience. The Court will not repeat this discussion, but finds that Plaintiff has accurately quoted the portions of the affidavits at issue.*