IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY L. BOWDISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-400-D |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim [Doc. No. 87], filed February 9, 2009. To date, Defendant has not responded to the Motion. Thus the Court in the exercise of discretion under Local Civil Rule LCvR7.1(g) deems the Motion confessed with respect to the jurisdictional issue discussed below. For this reason and the reasons stated herein, the Court finds that the Motion should be granted.

The Amended Complaint, like the Complaint, asserts claims of race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and Oklahoma common law torts. Plaintiff initially asserted a tort claim of negligent supervision, training, and retention. By his amended pleading, Plaintiff has added wrongful discharge claims under *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989), and its progeny.[1] Defendant's Amended Answer asserts a counterclaim to recover an alleged overpayment to Plaintiff for 40 hours of vacation pay in the amount of $1,245.60.[2] Defendant does not identify in its pleading a legal theory or basis for its counterclaim. However, the counterclaim is not asserted under a recoupment theory to reduce any recovery by Plaintiff; Defendant demands a judgment

---

[1] *This amendment was permitted, without any opposition from Defendant, due to recent decisions of the Oklahoma Supreme Court.*

[2] *The same counterclaim was asserted in Defendant's Answer. Plaintiff did not move to dismiss the counterclaim originally, but there was a pending motion by Plaintiff for permission to file an out-of-time motion for summary judgment regarding the counterclaim at the time of the amended pleadings.*

against Plaintiff in the amount of the alleged overpayment, plus interest, attorney's fees and costs. *See* Amended Answer [Doc. 86] at 9.

Although Plaintiff moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Motion also raises a jurisdictional issue governed by Rule 12(b)(1). The Court must determine as a threshold matter whether subject matter jurisdiction exists before proceeding to the merits of the counterclaim. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998); *see also Gold v. Local 7, United Food Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998), *abrogated on other grounds*, *Styskal v. Weld County*, 365 F.3d 855, 857-58 (10th Cir.2004).

**Standard of Decision**

Because the jurisdictional basis of Defendant's counterclaim is unclear, Plaintiff assumes Defendant's position to be that it falls within the supplemental jurisdiction of federal courts authorized by 28 U.S.C. § 1367. In its arguments, Plaintiff makes a facial attack on Defendant's pleading, challenging its sufficiency to establish subject matter jurisdiction over the counterclaim asserted. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (distinguishing facial and factual attacks on jurisdiction); *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (same). In this situation, the Court accepts Defendant's factual allegations as true. *See Holt*, 46 F.3d at 1002; *Continental Carbon*, 428 F.3d at 1292. To the extent materials outside Defendant's pleading are pertinent, the Court exercises its discretion to go beyond Defendant's allegations and to consider matters that are not intertwined with the merits of the substantive claim. *See Holt*, 46 F.3d at 1002; *Continental Carbon*, 428 F.3d at 1292.

**Discussion**

Plaintiff contends the counterclaim does not fall within the scope of federal supplemental jurisdiction conferred by 28 U.S.C. § 1367(a) because the counterclaim is not so related to Plaintiff's

claims "that they form part of the same case or controversy under Article III of the United States Constitution." Under Tenth Circuit law applying § 1367(a), federal and state law claims satisfy this standard if they "'derive from a common nucleus of operative fact.'" *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Gold*, 159 F.3d at 858. Plaintiff presents no binding case law, and the Court has found none, that addresses the issue of whether federal claims such as the ones asserted by Plaintiff and a counterclaim such as Defendant's derive from a common nucleus of operative fact.

The operative facts underlying Plaintiff's federal claims of employment discrimination and retaliation are detailed in the Complaint and Amended Complaint. Plaintiff alleges a lengthy period of satisfactory work performance during which he achieved the position of Operations Manager and a series of allegedly retaliatory and discriminatory acts by his supervisor, an African American woman, that began after he participated in an internal investigation in August, 2005, of a co-worker's discrimination complaint against the supervisor. The supervisor's alleged acts included usurping Plaintiff's decision-making authority, assigning him a heavier work load and less desirable schedule, making ageist remarks toward him, imposing a disciplinary suspension in March, 2006 (for which he filed an internal complaint against her), and terminating Plaintiff's employment on June 8, 2006. Plaintiff alleges he was replaced by a younger, African American male who was hired during Plaintiff's period of suspension. On the other hand, Defendant's counterclaim alleges the terms of its personnel policy regarding paid vacation time, Plaintiff's use of all 80 hours of paid vacation time during fiscal year 2006, Defendant's payment to Plaintiff for 120 hours of vacation time after his termination, and Plaintiff's failure to repay the alleged overage.

Upon consideration of these federal and state law claims, it appears the only connection between them is the parties' employment relationship. Plaintiff's claims do not raise any issue

regarding vacation time or compensation and seek only damages for alleged wrongful discrimination and retaliation.[3] Defendant's counterclaim raises an apparently unrelated issue of miscalculation of vacation time or pay and arises from a post-termination payment to Plaintiff on June 16, 2006.

Research reveals scant appellate case law regarding the scope of supplemental jurisdiction in employment discrimination cases.[4] The Court is persuaded, however, by a decision of the Third Circuit finding an "insufficient nexus" between a plaintiff's federal law claim for unpaid overtime compensation and state law claims for failure to pay a promised bonus. *See Lyon v. Whisman*, 45 F.3d 758, 762 (3rd Cir. 1995). The court reasoned:

> [The plaintiff's] FLSA claim involved very narrow, well-defined factual issues about hours worked during particular weeks. The facts relevant to her state law contract and tort claims, which involved [the defendant's] alleged underpayment of a bonus and its refusal to pay the bonus if [the plaintiff] started looking for another job, were quite distinct. In these circumstances it is clear that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no "common nucleus of operative fact" justifying supplemental jurisdiction over the state law claims. In fact, it would be charitable to characterize the relationship of the federal and state claims as involving even a "loose" nexus. Thus, Article III bars federal jurisdiction.

*Id.* at 763. Similarly here, Plaintiff's Title VII and ADEA claims involve issues of Defendant's alleged discriminatory and retaliatory treatment of Plaintiff. Defendant's counterclaim involves a narrow, well-defined issue about the amount of Plaintiff's earned vacation which is factually distinct and involves so little evidentiary overlap that the Court finds no common nucleus of operative fact between them.

---

[3] *In fact, Plaintiff presents evidence to show that the issue of unpaid vacation time was the subject of a wage claim he filed with the Oklahoma Department of Labor after his termination and has already been resolved by proceedings in that forum. See Pl.'s Mot. Dism. Def.'s Counterclaim, Exs. 4-7.*

[4] *In Gold, the Tenth Circuit affirmed a decision not to exercise supplemental jurisdiction in a Title VII discriminatory termination case over state law claims of wrongful discharge and outrageous conduct related to the plaintiff's exercise of workers' compensation rights. The court held that the district court acted within its discretion to decline jurisdiction under 28 U.S.C. § 1367(c)(2) due to state law "predominance" and expressly did not reach the "common nucleus" determination of the district court. See Gold, 159 F.3d at 1310-11.*

This situation is thus distinguishable from the one in *Harper v. AutoAlliance Intern'l, Inc.*, 392 F.3d 195 (6th Cir. 2004), in which the plaintiff brought factually interrelated federal and state law claims as part of the same constitutional case. The Sixth Circuit explained its affirmance of the district court's decision to exercise supplemental jurisdiction of the state law claims as follows:

> Harper's claim under Michigan's Elliot-Larson Civil Rights Act, . . . like his Title VII claim, was premised on the identical allegation that Defendants retaliated against him for filing a complaint of race discrimination with the EEOC. Similar to the Title VII retaliation claim, Harper's abuse of process claim and his claim of retaliation for filing a worker's compensation claim related to facts precipitating or arising out of his termination; the complaint alleged that the "animus and malice" that led to his retaliatory termination also motivated Defendant Kelly and Childress's decision to seek personal protection orders against Harper. Because these claims shared the same nucleus of operative facts, the district court did not abuse its discretion in exercising supplemental jurisdiction over them.

*Id*. at 209 (citation omitted); *see also Ammerman v. Sween*, 54 F.3d 423, 425 (7th Cir. 1995) (supplemental jurisdiction existed for assault and battery claim in Title VII sexual harassment case because "without reference to the facts surrounding the assault, there could have been no sexual harassment claim against the employer"). In this case, the facts related to Plaintiff's Title VII and ADEA claims are wholly unrelated to the facts underlying Defendant's counterclaim.

The Court also finds guidance in an unpublished decision of the Tenth Circuit, *Shaw v. AAA Engineering & Drafting, Inc.*, 138 F. App'x 62 (10th Cir. 2005). In that case, a terminated employee obtained a judgment under the *qui tam* and wrongful termination provisions of the False Claims Act, 31 U.S.C. §§ 3729-33, and separate judgments awarding attorneys' fees and costs, including fees incurred in post-judgment collection activities. These judgments were entered against the plaintiff's former employer and two individuals. The plaintiff subsequently sought to amend the judgments and to join additional parties in order to impose personal liability on new individuals allegedly responsible for the corporate defendant's debt under various corporate veil-piercing theories. One question presented was whether the plaintiff's post-judgment claims against non-parties fell within the scope of the district court's supplemental jurisdiction under § 1367(a). Examining this issue,

the court of appeals concluded that "there is simply an insufficient factual dependence between plaintiff's state-law claims and the underlying FCA claims to justify the extension of supplemental jurisdiction." *Shaw*, 138 F. App'x at 71 (internal quotation omitted). Similarly, in this case, the Court finds insufficient factual dependence between Plaintiff's federal employment law claims and Defendant's counterclaim to justify an exercise of supplemental jurisdiction.

Of course, Defendant's counterclaim is governed by Fed. R. Civ. P. 13, and the law is well established that ancillary (or now, supplemental) jurisdiction exists over counterclaims that are "compulsory" by operation of Rule 13(a). *See Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974) ("if the counterclaim is held to be compulsory, it is settled that the court has ancillary jurisdiction to decide it even though the plaintiffs' claim be dismissed"); *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 672 (10th Cir. 2006) (Section 1367 codified judicial doctrines of ancillary and pendent jurisdiction). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." *See* Fed. R. Civ. P. 13(a). The Court finds that Defendant's counterclaim is not compulsory because it does not arise out of the occurrence – the alleged discriminatory and retaliatory conduct – that is the subject matter of Plaintiff's federal claims. It arises out of a post-termination payment to Plaintiff that was allegedly made in error.

In conclusion, the Court finds that it lacks supplemental jurisdiction over Defendant's counterclaim. However, if supplemental jurisdiction existed, the Court would decline to exercise it under the circumstances. The exercise of supplemental jurisdiction is discretionary; the Supreme Court has cautioned district courts to exercise this discretion "in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997)

(internal quotation omitted). In view of the narrow and factually distinct nature of Defendant's counterclaim, which bears no relationship to the federal issues of discrimination and retaliation raised by Plaintiff's claims, the Court would be acting within its discretion to decline jurisdiction of the counterclaim. *See Gold*, 159 F.3d at 1310-11. Therefore, for this additional reason, the Court finds that Defendant's counterclaim should be dismissed.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim [Doc. No. 87] is GRANTED. The counterclaim asserted in Defendant's Amended Answer is DISMISSED without prejudice to refiling in an appropriate forum.[5]

IT SO ORDERED this 17th day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] *Because the Court declines to exercise jurisdiction over the counterclaim, the Court cannot reach the merits of that claim. See* Gold, *159 F.3d at 1311. Thus, despite Defendant's confession of the Motion, the Court intimates no view regarding Plaintiff's motion for dismissal of the counterclaim under Rule 12(b)(6), which is supported by matters outside the pleadings and would be treated as a motion for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d).*