IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY L. BOWDISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-400-D |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment [Doc. No. 51], filed May 5, 2008. The Motion is fully briefed and at issue. However, despite the volume of the summary judgment record and the existing briefs, and despite the Court's reluctance to invite further briefing, binding case law compels the Court to give notice to Plaintiff that it is considering an adverse ruling on his claims of race and gender discrimination on grounds not raised by Defendant.[1] *See Holmes v. State of Utah*, 483 F.3d 1057, 1067 (10th Cir. 2007) ("a district court has the power to enter summary judgment sua sponte, provided that the losing party was on notice that she had to come forward with all of her evidence"); *see also First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir.2005).

The parties address in their briefs whether Plaintiff can establish a prima facie case of race or gender discrimination under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), without discussing the first element or issue, that is, whether Plaintiff is

---

[1] These are only two of many claims brought by Plaintiff, who also alleges retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., and Oklahoma common law torts. The issues raised in this Order might also impact Plaintiff's common law tort claim of wrongful discharge under Burk v. K-Mart, 770 P.2d 24 (Okla. 1989), to the extent it is based on Oklahoma's public policy prohibiting race and gender discrimination.

a member of a protected class.  As a white male, Plaintiff belongs to the historically favored groups, and the presumption of discrimination afforded to minorities is not necessarily justified.  Instead, a modified version of the *McDonnell Douglas* framework applies to reverse discrimination claims, and in place of the first element, Plaintiff must "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority."  *Notari v. Denver Water Dep't*, 971 F.2d 585 (10th Cir. 1992); *see Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir. 1995).  "Alternatively, a reverse discrimination plaintiff may satisfy the first prong of *McDonnell Douglas* by presenting 'indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff.'"  *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004) (quoting *Notari*, 971 F.2d at 590).  Under this alternative method, a plaintiff must "produce evidence to support specific facts that are sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred."  *Notari*, 971 F.2d at 590; *see Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366, 1369 (10th Cir. 1997).  In this case, because Defendant did not challenge Plaintiff's prima facie case on this ground, his summary judgment briefs do not address these issues or identify facts that may satisfy his burden of proof regarding reverse discrimination.

   IT IS THEREFORE ORDERED that Plaintiff shall file a supplemental brief not later than May 15, 2009, limited solely to the issue of whether he can establish a prima facie case of race or gender discrimination under the modified *McDonnell Douglas* framework discussed herein.  Plaintiff's brief shall contain a concise statement of facts, supported in the manner required by Fed. R. Civ. P. 56(e), showing a genuine issue for trial related solely to this element of his claims of race

and gender discrimination. Defendant may respond to Plaintiff's filing not later than May 29, 2009.

The briefs authorized by the Order shall not exceed 15 pages in length.

IT SO ORDERED this 28th day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE